IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Zander Schlacter; *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. Department of State; *et al.*, <br><br> *Defendants*. | Civil Action No. 1:25-cv-1344 |

**[PROPOSED] ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM, TO WAIVE REQUIREMENT UNDER LOCAL RULE 102.2(a) TO PROVIDE ADDRESSES IN COMPLAINT CAPTION, AND FOR A PROTECTIVE ORDER**

This matter is before the Court on the motion of Plaintiffs David Doe, Robert Roe, Peter Poe, and Kris Koe (the "Pseudonymous Plaintiffs") for leave to proceed under pseudonyms and for a protective order. The Pseudonymous Plaintiffs, along with Plaintiffs Zander Schlacter, Jill Tran, and Lia Hepler-Mackey (collectively, "Individual Plaintiffs"), also request waiver of the requirement under Local Rule 102.2(a) to provide their addresses in the caption of the complaint. Having considered the motion, the memorandum in support, and the record in this case, and having otherwise been fully advised, the Court finds there is good cause to **GRANT** Plaintiffs' motion and hereby **ORDERS** as follows:

1. The Pseudonymous Plaintiffs may proceed in this action under the pseudonyms "David Doe," "Robert Roe," "Peter Poe," and "Kris Koe."

2. Plaintiffs' counsel shall disclose the Pseudonymous Plaintiffs' true names and, to the extent otherwise discoverable under the Federal Rules of Civil Procedure, other information that identifies Plaintiffs, directly or indirectly ("Identifying Information"), upon request to Defendants' counsel and the Court.

1

3. Individual Plaintiffs are not required to include their addresses in the case caption pursuant to Local Rule 102.2(a).

4. All publicly filed documents shall identify the Pseudonymous Plaintiffs by their pseudonyms.

5. All documents filed with the Court that contain a Pseudonymous Plaintiff's name or other Identifying Information shall be redacted.

6. Defendants' counsel, to the minimum extent necessary to litigate this action, may disclose a Pseudonymous Plaintiff's name or other Identifying Information to experts retained in this action. Defendants' counsel shall take care to disclose such information only to those experts with a need to know the information for purposes of litigating this action.

7. Individuals to whom a Pseudonymous Plaintiff's name or other Identifying Information is disclosed shall not use such information for any purpose unrelated to Defendants' litigation of this action and shall not further disclose such information to any other person without first obtaining written confirmation from Plaintiffs' counsel that such disclosure is necessary to litigate this action.

8. Under no circumstances shall any party or other person involved in this litigation other than the Pseudonymous Plaintiffs disclose a Pseudonymous Plaintiff's name or Identifying Information without the express written consent of Plaintiffs' counsel.

9. Before disclosing a Pseudonymous Plaintiff's name or Identifying Information to any person for purposes of litigation this action, Defendants' counsel shall give that person a copy of this Order, require that person to read this Order, specifically advise that person of the provisions of sections seven and eight of this Order, and specifically warn that person that violation of this Order may result in sanctions, including being held in contempt of this Court.

10. If any dispute or disagreement arises between the parties related to compliance with this Order or the non-disclosure of the Pseudonymous Plaintiffs' names and Identifying Information, the parties shall, in good faith, seek to resolve such disputes or disagreements without Court intervention. Only after such good faith attempts at resolution fail may the parties seek further clarification from this Court.

11. No part of the restrictions imposed by this Protective Order may be terminated except by written stipulation of the parties or by other order of this Court for good cause shown. The final disposition of this litigation shall not relieve any person who has received a Pseudonymous Plaintiff's name or Identifying Information from the obligations imposed by this Order.

Dated this ___ day of _____, 2025.                    BY THE COURT:

                                                           _____