IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ZANDER SCHLACTER; *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. DEPARTMENT OF STATE; *et al.*, <br><br> *Defendants*. | Civil Action No. 1:25-CV-01344 |

**[PROPOSED] ORDER**

Plaintiffs Zander Schlacter, Jill Tran, Lia Hepler-Mackey, David Doe, Robert Roe, Peter Poe, and Kris Koe have filed a six count complaint alleging that Section 3(d) of Executive Order 14168, attached as Exhibit A to the Complaint, ECF (the "Gender Order"), and the Passport Policy, as defined in the Complaint, ECF 1, at ¶ 5, violate the First and Fifth Amendments to the United States Constitution and that the Passport Policy violates the Administrative Procedure Act, 5 U.S.C. §§ 500 *et seq*. Plaintiffs have moved for a preliminary injunction against Defendants seeking to enjoin their implementation or enforcement of the Section 3(d) of the Gender Order and the Passport Policy against them.

The Court may issue a preliminary injunction when a plaintiff establishes that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Having considered the motion, the memorandum in support, and the record in this case, and having otherwise been fully advised, the Court finds that Plaintiffs have carried their burden to satisfy

1

each of those factors: Plaintiffs have demonstrated a substantial likelihood that they will prevail on the merits of their Equal Protection and APA claims; in the absence of such preliminary injunctive relief, Plaintiffs will suffer irreparable injury; and the balance of the equities favors the Plaintiffs and an injunction is in the public interest. Immediate relief is therefore appropriate and warranted.

Accordingly, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, the Court **ORDERS** as follows:

1. Plaintiffs' Motion for Preliminary Injunction is **GRANTED**.

2. Until the conclusion of this litigation, or subsequent Order of the Court, all Defendants, any subagencies of Defendant U.S. Department of State, their officers, agents, successors, servants, employees, and attorneys, and any other persons who are in active concert or participation with them, are **ENJOINED** from enforcing or implementing the Passport Policy or otherwise enforcing the Gender Order, including Section 3(d), as applied to Plaintiffs, including with regard to any applications, renewal applications, and correction forms for passports filed by Plaintiffs.

3. The Agency Defendants are further **ENJOINED** and **DIRECTED** to process and issue passports to Plaintiffs consistent with the State Department's policy as of January 19, 2025, and to permit (a) changes to the sex designation on Plaintiffs' passports, including allowing Plaintiffs to self-attest to their sex, and (b) an "X" sex designation on any passport where that is requested by a Plaintiff.

4. The Court finds that the risk of any monetary harm to Defendants from compliance with this injunction is remote and therefore waives the requirement of a bond for this injunction. *See* Fed. R. Civ. P. 65(c); *Pashby v. Delia*, 709 F.3d 307, 332 (4th Cir. 2013).

3

5. The Clerk is directed to docket this Order granting the Preliminary Injunction immediately and to provide a certified copy of the Order to each party as soon as practicable.

                                             George L. Russell, III
                                             Chief United States District Judge