IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ZANDER SCHLACTER, et al.

    Plaintiffs,

v.

U.S. DEPARTMENT OF STATE, *et al.*

    Defendant.

Case No. 1:25-cv-01344

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants, by and through undersigned counsel, submit as supplemental authority *United States v. Skrmetti*, 2025 WL 1698785 (U.S. June 18, 2025) (Exhibit 1).

In *Skrmetti*, the Supreme Court considered a state law that restricted certain medical treatments for minors whose "gender identity does not align with their biological sex." *Skrmetti*, 2025 WL 1698785, at *4. The state statute under review provides that "no minor may be administered puberty blockers or hormones to treat gender dysphoria, gender identity disorder, or gender incongruence" but "minors of any sex may be administered puberty blockers or hormones for other purposes." *Id.* at *9. The plaintiffs argued that the statute classified on the basis of sex because "a minor whose biological sex is female cannot receive puberty blockers or testosterone to live and present as a male, but an adolescent whose biological sex is male can, while an adolescent whose biological sex is male cannot receive puberty blockers or estrogen to live and present as a female, but an adolescent whose biological sex is female can." *Id.* at *8. The Supreme Court rejected that argument, holding that access to medical treatment did not turn on sex but rather on age and the intended purpose of the medical treatment. *Id.* at *7-8. This is so because both boys and girls can get access to the medical treatment if it is not for a restricted use. *Id.* at

*7. In reaching this conclusion, the Court stressed that the mere mention of "sex" does not trigger heightened scrutiny. *Id.* at *8.

*Skrmetti* compels the conclusion that rational basis review—not heightened scrutiny—should apply to the equal protection challenge in this case because the Passport Policy does not discriminate based on sex. As *Skrmetti* makes clear, the mere use of sex-based designations on passports does not trigger heightened scrutiny. Indeed, Plaintiffs do not challenge the government's longstanding use of "M" and "F" to identify passport holders; they instead object to the definition of "sex" that the government has decided to use. But their quarrel with the government's decision to define "sex" to mean biological sex is similar to the *Skrmetti* plaintiffs' quarrel with Tennessee's decision to prohibit medical treatments for certain purposes. Just as the plaintiffs in *Skrmetti* sought a special exemption from laws prohibiting the use of specific drugs for particular purposes, the plaintiffs here seek a special exemption from the government's policy requiring passports to reflect the biological sex of the passport holder. Under *Skrmetti*, however, Plaintiffs have no right to override the government's definition of "sex" to obtain passports on the basis of their preferred gender identity.

The Supreme Court explained that the focus of sex-based equal protection claims is whether the law "prohibit[s] conduct for one sex that it permits for the other." *Skrmetti*, 2025 WL 1698785, at *9. The Passport Policy does not do so. It permits applicants to obtain passports reflecting the sex on their original birth certificates and prohibits applicants from obtaining passports designating a sex different from their biological sex based on the applicant's preferred gender identity. For equal protection purposes, all sexes are treated identically.

In *Skrmetti*, the Supreme Court did not extend the reasoning of *Bostock v. Clayton County*, 590 U.S. 644 (2020), beyond the Title VII context to equal protection challenges. *Skrmetti*, 2025

WL 1698785, at *12. And as Justices Thomas and Alito explained in their concurring opinions in *Skrmetti*, the "but-for cause" analysis in *Bostock* derived from "the specific language employed in Title VII" and has no application "in cases in which a law is challenged as an unconstitutional sex classification." *Id.* at *33 (Alito, J., concurring); *id.* at *16 ("Extending the *Bostock* framework here would depart dramatically from this Court's Equal Protection Clause jurisprudence") (Thomas, J., concurring). For equal protection purposes, the question is whether the Passport Policy treats the sexes the same. Because it does, the Policy does not discriminate on the basis of sex and rational basis review applies. The Passport Policy clears this highly deferential standard. *See* Dfs'. Resp. in Opp. (ECF No. 46) at 6-11.

                                  Respectfully submitted,

                                  Kelly O. Hayes
                                  United States Attorney

                                  */s/ Melissa E. Goldmeier*
                                  Melissa E. Goldmeier (Bar number: 18769)
                                  Assistant United States Attorney
                                  36 S. Charles Street, 4th Fl.
                                  Baltimore, MD 21201
                                  (410) 209-4855
                                  melissa.goldmeier@usdoj.gov
                                  *Counsel for Defendants*