IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| ZANDER SCHLACTER, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. DEPT. OF STATE, *et al.*, <br><br> *Defendants*. | No. 1:25-CV-01344-GLR |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs file this response to Defendants' notice of supplemental authority regarding the decision in *United States* v. *Skrmetti*, 145 S. Ct. 1816 (June 18, 2025). Dkt. No. 54. In *Skrmetti*, the Supreme Court found that a Tennessee law regulating medical treatment for gender dysphoria in minors did not classify based on sex or transgender status but rather on age and medical use and was therefore not subject to heightened scrutiny. *Id.* at 1820. The decision did not impact binding Fourth Circuit precedent that the type of discrimination at issue here is discrimination based on sex and transgender status and is subject to heightened scrutiny. For those reasons, and because the decision did not address animus, *Skrmetti* is irrelevant to the issues presented in Plaintiffs' challenge to the Passport Policy.

Here, the Passport Policy turns not on medical use but on Plaintiffs' sex and transgender status. Dkt. No. 32, at 18-20; Dkt. No. 53, at 1-3; *see also* Gender Order § 3(d) (requiring "that government-issued identification documents, including passports, … accurately reflect *the holder's sex*, as defined under section 2 of th[e Gender] order," which defines "sex" as "an individual's immutable biological classification as either *male or female*," that "is not a synonym

1

for and does not include the concept of '*gender identity*'") (emphasis added). It targets transgender people by barring them, and only them, from obtaining sex markers on their U.S. passports consistent with their lived gender. But for their sex assigned at birth, they would have access to such passports. That was not the case in *Skrmetti*, where the Court held that changing the minors' sex assigned at birth would not change their ability to access the medical treatment at issue. 145 S. Ct. at 1834 ("If you change his biological sex from female to male, SB1 would still not permit him the hormones he seeks because he would lack a qualifying diagnosis for the testosterone").

The Gender Order and the Passport Policy do not turn on age, medical use, or treatment of gender dysphoria. They therefore "do[] not regulate a class of treatments or conditions." *Id*. at 1834 n.3. For that reason alone, *Skrmetti* does not apply.

As a result, *Skrmetti* leaves untouched the binding precedent of the Court of Appeals for the Fourth Circuit in *Grimm v. Gloucester Cnty. Sch. Bd*., 972 F.3d 586 (4th Cir. 2020), which held that denying a transgender student school records consistent with his gender identity *is* discrimination based on sex and transgender status. Additionally, like other precedent, *Grimm* held that discrimination based on sex and transgender status is subject to heightened scrutiny and that the reasoning of *Bostock v. Clayton County*, 590 U.S. 644 (2020), applies in the equal protection context. 145 S. Ct. at 1831. *Skrmetti* similarly did nothing to change this Court's precedent in *M.A.B. v. Bd. of Educ. of Talbot Cnty.*, 286 F. Supp. 3d 704 (D. Md. 2018) (cleaned up).

Indeed, other courts considering identity document policies have similarly rejected arguments based on *Skrmetti* as those raised by Defendants, most recently in *de la Fuente Díaz v. González Colón*, where six nonbinary individuals challenged Puerto Rico's birth certificate policy's exclusion of "X" gender markers. On June 30, 2025, the district court denied the

Defendants' motion for reconsideration of the court's May 30, 2025 decision granting Plaintiffs' motion for summary judgment. *See* Order Denying Mot. for Reconsideration, *de la Fuente Díaz*, No. CV 23-01544 (MAJ) (D.P.R. June 30, 2025) (ECF No. 62); *see also de la Fuente Díaz*, 2025 WL 1549377 (D.P.R. May 30, 2025).

Finally, in *Skrmetti*, the Supreme Court did not reconsider the lower courts' finding that plaintiffs failed to show the policy was the product of animus. 145 S. Ct. at 1827-28. Plaintiffs have convincingly demonstrated animus here. *See* Dkt. No. 32, 20-22; Dkt. No. 53, at 5-6. As this Court has recognized, one "cannot fathom discrimination more direct than the plain pronouncement of a policy resting on the premise that the group to which the policy is directed does not exist." *PFLAG, Inc. v. Trump*, 769 F. Supp. 3d 405, 444 (D. Md. 2025). "The plaintiffs are likely to succeed on their claim that the Executive Order, and the Passport Policy implementing that order, spring from the same sort of animus toward transgender Americans." *Orr v. Trump*, No. 1:25-CV-10313-JEK, 2025 WL 1145271, at *13 (D. Mass. Apr. 18, 2025).

Dated: June 30, 2025                                                                 Respectfully submitted,

*/s/ Jonathan I. Gleklen*
Jonathan I. Gleklen, Bar No. 21350
Karen Vincent (of counsel)
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave, NW
Washington, DC 20001
Tel: (202) 942-5454
Fax: (202) 942-5999
jonathan.gleklen@arnoldporter.com
karen.vincent@arnoldporter.com

Carl S. Charles*
Lambda Legal Defense
and Education Fund, Inc.
1 West Court Square, Suite 105
Decatur, GA 30030
Tel: (404) 897-1880
Fax: (855) 535-2236
ccharles@lambdalegal.org

Karen L. Loewy*
Lambda Legal Defense
and Education Fund, Inc.
815 16th Street NW, Suite 4140
Washington, DC 20006
Tel: (202) 804-6245
Fax: (855) 535-2236
kloewy@lambdalegal.org

Lori Leskin*
Mindy Gorin (of counsel)
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8541
Fax: (212) 836-8689
lori.leskin@arnoldporter.com
mindy.gorin@arnoldporter.com

Allissa Pollard*
Hannah Sibiski*
Arnold & Porter Kaye Scholer LLP
700 Louisiana Street, Ste. 4000
Houston, TX 77002
Tel.: (713) 576-2451
Fax: (713) 576-2499
allissa.pollard@arnoldporter.com
hannah.sibiski@arnoldporter.com

Liz Lindquist (of counsel)
Arnold & Porter Kaye Scholer LLP
1144 Fifteenth Street | Suite 3100
Denver, CO 80202-2848
Tel: (303) 863-2387
Fax: (303) 863-2301
Liz.Lindquist@arnoldporter.com

Peter Renn*
Lambda Legal Defense
and Education Fund, Inc.
800 South Figueroa Street, Suite 1260
Los Angeles, CA 90017
Tel: (213) 382-7600
Fax: (855) 535-2236
prenn@lambdalegal.org

Omar Gonzalez-Pagan*
Luna Isaiah Floyd*
Lambda Legal Defense
and Education Fund, Inc.
120 Wall Street, 19th Floor
New York, NY 10005
Tel: (212) 809-8585
Fax: (855) 535-2236
ogonzalez-pagan@lambdalegal.org
lfloyd@lambdalegal.org


* Counsel for Plaintiffs admitted *pro hac vice*