IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ZANDER SCHLACTER, et al.,<br><br>                    *Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE, et al.,<br>                    *Defendants* | Case No. 1:25-cv-01344-GLR |

### STIPULATED PROTECTIVE ORDER REGARDING PSEUDONYMS

The parties, through their undesigned counsel, hereby STIPULATE to the following protective order regarding the use of pseudonyms by certain plaintiffs.

\* \* \* \*

On April 25, 2025, Plaintiffs filed a Motion for Leave to Proceed Under Pseudonym (ECF 2-2) ("the Motion"). To facilitate Defendants receiving the non-pseudonymous names of Plaintiffs David Doe, Robert Roe, Peter Poe, and Kris Koe, (the "Pseudonymous Plaintiffs") prior to the Court ruling on that Motion and to provide protections should the Court grant the Motion, the Court hereby enters this Agreed Protective Order Regarding Pseudonyms.

If the Court denies the Motion, the Pseudonymous Plaintiffs shall have 14 days after issuance of an order denying the Motion to either elect to proceed under their true names or voluntarily dismiss their claims without prejudice, without their true names being disclosed publicly. If the Court grants the Motion, this Order shall continue to govern this action.

1

**IT IS HEREBY ORDERED THAT**:

1.     Plaintiffs referred to in the Complaint in this action as David Doe, Robert Roe, Peter Poe, and Kris Koe, may proceed in this action under the pseudonyms "David Doe," "Robert Roe," "Peter Poe," and "Kris Koe," pending a ruling on Plaintiffs' Motion and, should the Motion be granted, for the duration of this action and any appeals therefrom, subject to further order of the Court.

2.     In all publicly filed documents in this action, the Pseudonymous Plaintiffs shall be identified only by their pseudonyms.

3.     All documents filed in this action that contain the present or any former name of any Pseudonymous Plaintiff and cannot use a pseudonym to refer to them (such as documents subject to a discovery dispute) shall have their names redacted.

4.     Plaintiffs' counsel shall disclose the Pseudonymous Plaintiffs' true names and, to the extent otherwise discoverable under the Federal Rules of Civil Procedure, other information that identifies Plaintiffs, directly or indirectly ("Identifying Information"), upon request, to Defendants' counsel and the Court.

5.     All documents filed in this action that contain any Identifying Information about a Pseudonymous Plaintiff shall be filed under seal in accordance with District of Maryland Local Rule 105(11) that references this Order. If Defendants are the Party making the filing and moving to seal, Plaintiffs shall have seven days to file a memorandum in support of Defendants' motion to seal if Plaintiffs so choose. If Defendants have any doubt about whether material qualifies as Identifying Information, they shall meet and confer with Plaintiffs prior to making the filing and, if the Parties cannot agree, shall be obligated to file the material under seal, and the Court will decide whether sealing is warranted after reviewing any memorandum filed by Plaintiffs regarding Defendants' motion.

6.     Defendants' Counsel of Record shall not disclose Pseudonym Plaintiffs' current or

former names or any Identifying Information to any person, except to:

    a. experts retained by Defendants in this action;

    b. Agency Counsel; and,

    c. Agency employees who need the information to comply with the Agency's policies and procedures, including, but not limited to, any document retention obligations.

Any such disclosure shall be only to the minimum extent necessary to litigate this action or comply with Agency's policies and procedures.

7. Under no other circumstances shall any individual to whom disclosure of Pseudonym Plaintiffs' current or former names or any Identifying Information is made further disclose Pseudonym Plaintiffs' current or former names or any Identifying Information, either directly or indirectly, without the advance written consent of Plaintiffs' counsel.

8. Defendants' Counsel of Record shall maintain a written record of the names of all persons to whom disclosure is made under Paragraph 6 above. Defendants' Counsel of Record also shall ensure that all persons to whom disclosure is made under Paragraph 6 above have read and agree in writing and under penalty of perjury to be bound by this Order and to be subject to the Court's jurisdiction for purposes of enforcing this order.

9. To the extent this action proceeds to discovery, the Parties shall meet and confer about discovery procedures and protection of confidential information, including information pertaining to Plaintiffs and their families, including, but not limited to, personal identifying information, financial information, medical or mental health information, demographic information, the identities of persons associated with Plaintiffs who have not already been made public in this action, and any other information that may affect the safety or privacy of Plaintiffs or others associated with Plaintiffs.

10. No person to whom disclosure is made subject to Paragraphs 4 and 6 shall disclose

3

the Pseudonym Plaintiffs' current or former names or any Identifying Information to the media or on any social media for any reason.

11. The parties agree the court shall seal the courtroom from the public during presentations, including exhibits, witnesses, or other documents that identify or disclose the names or other Identifying Information of Pseudonymous Plaintiffs. The parties agree to work collaboratively to ensure courtroom presentations are organized to make sealing as convenient as possible for the Court.

12. In the event of any disclosure of Pseudonym Plaintiffs' current or former names or any Identifying Information in any courtroom proceeding where the public is present, the Court shall instruct everyone attending the proceeding not to disclose Pseudonymous Plaintiffs' names or any of their Identifying Information.

13. If any dispute or disagreement arises between the parties related to compliance with this Order or the nondisclosure of the Pseudonym Plaintiffs' names and Identifying Information, the parties shall seek to resolve such disputes or disagreements without court intervention. If the Parties cannot agree, they shall seek further clarification or other order from this Court.

14. No part of the restrictions imposed by this Protective Order may be terminated except by written stipulation of the parties or by other order of this Court for good cause shown. The final disposition of this litigation shall not relieve any person who has received a Pseudonymous Plaintiffs' name or Identifying Information from the obligations imposed by this Order.

Respectfully submitted,

| | |
|---|---|
| */s/ Jonathan I. Gleklen* | Kelly O. Hayes |
| Jonathan I. Gleklen, Bar No. 21350 | United States Attorney |
| Arnold & Porter Kaye Scholer LLP | |
| 601 Massachusetts Ave, NW | */s/ Melissa E. Goldmeier* |
| Washington, DC  20001 | Melissa E. Goldmeier (Bar number: 18769) |
| Tel: (202) 942-5454 | (signed by Jonathan I. Gleklen with |
| Fax: (202) 942-5999 | permission of Melissa E. Goldmeier) |
| jonathan.gleklen@arnoldporter.com | Assistant United States Attorney |
| | 36 S. Charles Street, 4th Fl. |
| *Counsel for Plaintiffs* | Baltimore, MD 21201 |
| | (410) 209-4855 |
| | melissa.goldmeier@usdoj.gov |
| | |
| | *Counsel for Defendants* |

**IT IS SO ORDERED**.

Dated:  July 22, 2025

　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　GEORGE L. RUSSELL III
　　　　　　　　　　　　　　　　　CHIEF JUDGE
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT
　　　　　　　　　　　　　　　　　DISTRICT OF MARYLAND