IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ZANDER SCHLACTER, et al.

    Plaintiffs,

v.

U.S. DEPARTMENT OF STATE, *et al.*

    Defendant.

Case No. 1:25-cv-01344

**RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

    Defendants, by and through undersigned counsel, respond to Plaintiffs' Notice of Supplemental Authority (ECF No. 62) and state:

    Plaintiffs' reliance on *American Association of Physicians for Human Rights, Inc. v. National Institutes of Health*, No. 8:25-cv-01620-LKG, 2025 WL 2377705, (D. Md. Aug. 14, 2025) ("*PHR*") and *Doe v. State of South Carolina*, No. 25-1787, 2025 WL 2375386, (4th Cir. Aug. 15, 2025), in support of their Motion for Preliminary Injunction (ECF No. 31) is misplaced. ECF No. 62.

    In *PHR*, this Court found that plaintiffs were likely to show that the NIH policy "created a facial classification upon the basis of sex" and applied heightened scrutiny. But here, the Passport Policy *does not* discriminate on the basis of sex, *see* ECF No. 46, pp. 7-9, particularly given the Supreme Court's recent holding in *United States v. Skrmetti,* 145 S. Ct. 1816 (2025). *See* ECF No. 54. Like the statute in *Skrmetti*, the Passport Policy does not "prohibit conduct for one sex that it permits for another[;]" therefore, rational basis review applies. *Id*. at 1831.

    *PHR* also cannot be used to support Plaintiffs' argument that the Passport Policy discriminates on the basis of transgender status because the Supreme Court has recently vacated

underlying precedent stating that transgender status is a quasi-suspect class subject to heightened scrutiny. *See Folwell v. Kadel*, 2025 WL 1787687, at *1 (U.S. June 30, 2025) (vacating and remanding because of *Skrmetti*). *Grimm v. Gloucester Cnty. Sch. Bd.*, 972 F.3d 586, 607 (4th Cir. 2020), on which *Kadel* relied, is thus also on shaky ground. Although *PHR* and *Doe* relied on *Grimm*, *PHR* recognized that the Supreme Court has never recognized transgender status as a suspect class. *PHR*, 2025 WL 2377705, at *8; *see also* ECF No. 46, p. 11. Nor did the Fourth Circuit in *Doe* grapple with the import of the Supreme Court's remand of *Kadel*. Judge Agee's concurrence in *Doe* aptly summarizes the disagreement with *Grimm* among the Fourth Circuit judges, the Ninth and Eleventh Circuits, and three Supreme Court Justices. 2025 WL 2375386 at *13.

Finally, the Supreme Court recently granted *certiorari* to consider *B.P.J. by Jackson v. W. Virginia State Bd. of Educ.,* 98 F.4th 542, (4th Cir.), in which the Fourth Circuit again relied on *Grimm* to find that a state policy prohibiting students from participating in sex-based sports teams other than those aligning with their biological sex was a "facial classification based on gender identity" that "trigger[ed] intermediate scrutiny." *Id*. at 556. The Supreme Court's decision in *B.P.J.* will provide critical guidance on the key legal issues here.

WHEREFORE, Defendants respectfully request that the Court consider this Response to Plaintiffs' Notice of Supplemental Authority.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

 */s/ Melissa E. Goldmeier*
Melissa E. Goldmeier (Bar number: 18769)
Assistant United States Attorney
36 S. Charles Street, 4th Fl.
Baltimore, MD 21201
(410) 209-4855
melissa.goldmeier@usdoj.gov
*Counsel for Defendants*